# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10807
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAYNE DESHAWD DOUGLAS,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-10-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Dayne Deshawd Douglas pleaded guilty to possession of stolen mail. The presentence report (PSR) determined that the applicable guidelines range was 10 to 16 months of imprisonment. At sentencing, the district court imposed the statutory maximum sentence of 60 months of imprisonment. Douglas now challenges the substantive reasonableness of his sentence. He argues that the district court erred by increasing his sentence based on facts already accounted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10807

for in the PSR and that the imposition of the statutory maximum sentence, rather than some intermediate increased sentence, represented a clear error of judgment in balancing the sentencing factors.

Because Douglas did not object to his sentence in the district court, we review for plain error. *See United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007). We have rejected the argument that no objection should be required where the defendant argued for a lower sentence in the district court. *See United States v. Heard,* 709 F.3d 413, 425 (5th Cir. 2013).

In selecting Douglas's sentence, the district court did not plainly err by giving extra weight to factors already included in the guidelines calculations. *United States v. Key,* 599 F.3d 469, 475 (5th Cir. 2010). In addition, the record indicates that the district court focused on Douglas's history of recidivism, his failure to comply with prior sentences of probation, and his failure to comply with court orders. Thus, the district court considered and gave proper weight to the sentencing factors of 18 U.S.C. § 3553(a), such as the need for the sentence imposed to provide adequate deterrence, to protect the public, and to promote respect for the law. *See United States v. Smith,* 440 F.3d 704, 708 (5th Cir. 2006). Douglas's argument that some lesser sentence would have been sufficient is essentially asking this court to reweigh the sentencing factors, which we decline to do. *See Gall v. United States,* 552 U.S. 38, 51 (2007). Because he has not shown that his sentence is substantively unreasonable, we conclude that Douglas has not shown that the district court plainly erred. *See Puckett v. United States,* 556 U.S. 129, 135 (2009).

AFFIRMED.